# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 17CR0487-LAB |
| Plaintiff, | **ORDER DENYING RULE 35 MOTION** |
| vs. | |
| SABRINA YZAGUIRRE, | |
| Defendant. | |

On December 11, 2017, this Court sentenced Sabrina Yzaguirre to 125 months in custody after she pled guilty to participating in a conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). According to the probation report in the case, Yzaguirre was a "prolific methamphetamine distributor" who obtained multi-pound quantities from her sources of supply and distributed them to her sub-distributors. PSR at 7, 12. "Prolific" was an apt characterization of the scope of Yzaguirre's involvement in the drug conspiracy. She helped arrange the importation of drugs from Mexico, dispensed them to a network of local sub-distributors, helped to ship drugs to out-of-state distributors, and illegally possessed and sold firearms. Sentencing Transcript (Tr.) at 5-9. In all, the government charged 58 defendants in three indictments related to the conspiracy. At Yzaguirre's sentencing hearing, the prosecutor confirmed that among the nine defendants who were charged with her in one of the multi-defendant indictments, she was the most culpable, and "an integral player" in the "methamphetamine side of the case." Tr. at 10. In

consideration of her extensive involvement in the crimes, the probation officer recommended that Yzaguirre receive an upward sentencing adjustment reflecting her aggravated role. But the Court didn't impose the recommended adjustment, opting instead to consider the defendant's relative culpability as a factor in fixing a sentence within the Guideline range. Tr. at 23.

Before committing the federal offenses to which she pled guilty, Yzaguirre had amassed a significant criminal record in the California state courts. She had suffered convictions for petty theft, possession for sale of methamphetamine, fraudulently using another person's identification (twice, on separate occasions two years apart), and possession of methamphetamine. These numerous convictions elevated her criminal history to the highest possible level – Category VI.  In addition, she had proved to be a colossal failure when shown leniency and placed on  probation; in her various criminal cases her probation had been revoked at least seven times. PSR at 15-17.

Despite all of this, the Court imposed a lenient sentence. To begin with, the Court refused to apply upward adjustments totaling 6 levels, despite abundant evidence that Yzaguirre had aided and abetted in the importation of methamphetamine (U.S.S.G. § 2D1.1(b)(5), Tr. at 19 (THE COURT: "Sounds like a proper adjustment. There's no question that she was involved in arranging the importation [of methamphetamine]. It's relevant conduct. It's not disputed. The information is reliable."), and that she had an aggravated role in the drug distribution conspiracy (U.S.S.G. § 3B1.1), Tr. at 10 (THE COURT: "[W]e've got 58 people and one person is driving the logistics, looks like making most of the money in the case . . . . [This was] a big operation with a lot of moving parts and as I said one person is at the hub and we've got all these spokes coming out and that's Ms. Yzaguirre who's at the hub. All roads lead back to her."). Those warranted but unapplied adjustments would have increased Yzagurrie's advisory Guideline range to 151-188 months, rather than the 92-115 month range that the Court settled on. The Court also downgraded Yzaguirre's criminal history from level VI to level V, and credited her with a 3-level downward adjustment for accepting responsibility and a 2-level departure for expeditiously resolving her

case (both of which were warranted). Finally, the Court granted an additional 3-level adjustment based on Yzaguirre's cooperation with the government (U.S.S.G. § 5K1.1). Ultimately, the 125-month sentence the Court imposed was only 5 months longer than sentences it handed down to other defendants in the same case, some of whom did not have her aggravated criminal record and none of whom were more culpable in the offense than she.

The government has now filed a motion under Fed. R. Crim. P. 35(b) asking the Court to further reduce Yzaguirre's sentence. The motion is supported by a declaration from an experienced prosecutor who points to additional cooperation Yzaguirre provided after she was sentenced. Without revealing or analyzing the specific confidential information that is recited in the declaration, suffice it to say that the Court is unpersuaded that Yzaguirre's cooperation was a significant factor in bringing about the result the prosecutor wants to credit her for. Put another way, the prosecutor's declaration lacks the degree of specificity necessary for the Court to find that Yzaguirre's more recent cooperation amounts to "substantial assistance."[1] It's also unclear whether the "new" information touted by the prosecutor is actually new. Keep in mind that the Court previously granted Yzaguirre a 3-level reduction for her pre-plea cooperation. The Court has again reviewed the declaration that was offered in support of the government's original § 5K1.1 motion, and it is unclear whether the purported "new" cooperation is merely an outgrowth of information that Yzaguirre previously supplied.

As a separate basis for its Rule 35(b) motion, the government maintains that Yzaguirre may have been sexually assaulted by a prison guard while she was incarcerated at the Metropolitan Correctional Center in San Diego and awaiting her sentencing. An

---

[1] The Court, for good reason, invariably defers to the prosecutor's judgment that information provided by a defendant is helpful and substantial. Here, however, there's no indication that Yzaguirre was prepared to testify as part of her recent cooperation or that the prosecutor needed her testimony to achieve the result for which she now wants the Court to credit Yzaguirre. Indeed, considering the defendant's extensive criminal record, including separate recent convictions for *crimen falsi* offenses, the Court is dubious that the prosecutor would have called Yzaguirre as a witness or if she did testify that her testimony would have been believed.

investigation of her allegations is underway and the prosecutor intimates that the defendant may testify if charges are filed. But at this point, the Court finds the prospect of the defendant's providing additional substantial assistance in the matter under investigation too speculative to support a further reduction of her sentence.[2]

Even were the Court to credit the government's substantial assistance evaluation, it must still consider the motion against the backdrop of the defendant's original sentence and the factors listed in 18 U.S.C. § 3553(a). *United States v. Tadio*, 663 F.3d 1042, 1048, 1053 (9th Cir. 2011) (court's role in the Rule 35 process is to decide whether to accept the Government's recommendation and, if so, the magnitude of departure as a function of the degree and nature of the cooperation); *see also United States v. Ressam*, 679 F.3d 1069, 1091-92 (9th Cir. 2012) (en banc) (reversing sentence, in part, because district court had given excessive weight to the defendant's cooperation).  Here, the Court finds that both of these considerations weigh against reducing the defendant's sentence. Yzaguirre's original sentence was lenient in view of her offense conduct, her criminal record, the sentences imposed on other defendants in the related cases, and other § 3553(a) factors. And taking into account the scope of the underlying drug conspiracy, Yzaguirre's extensive involvement in the conspiracy, the facts surrounding the firearms offense to which she also pled guilty, the need for just punishment, the need to deter Yzaguirre and others from participation in drug trafficking, and the need to promote respect for the law, the Court concludes that no further reduction of sentence is warranted in this now closed case.

The Rule 35 motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: 5/13/2020

_Larry A. Burns_

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge

---

[2] The Court also questions the notion that substantial assistance credit should, as a matter of course, be extended to a defendant who is sexually assaulted while incarcerated and who cooperates in the prosecution of the offense to vindicate *her own interest*. True, the government obtains the benefit of cooperation, but isn't the victim's predominant incentive in such a case the desire for a reckoning of the wrong she has suffered?

- 4 -

17CR0487