UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>SABRINA YZAGUIRRE,<br><br>                    Defendant. | CASE NO. 17cr0487-LAB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING RULE 35 MOTION FOR REDUCTION OF SENTENCE [Dkt. 314]** |

      The United States has filed a motion for reconsideration of the Court's May 13, 2020 Order denying its Rule 35 motion for the benefit of Sabrina Yzaguirre, whom the Court sentenced for drug and firearm offenses in 2017. The motion for reconsideration is supported by attorney Todd Burns, who was appointed by Magistrate Judge Major to represent Ms. Yzaguirre.

      "[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." *United States v. Mendez*, 2008 U.S. Dist. LEXIS 120217, 2008 WL 2561962, at *2 (C.D. Cal. June 25, 2008) (cleaned up). In ruling on a motion for reconsideration, courts rely on the standards set forth in Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure, *see id.* (applying the standard governing Rule 60(b));

1. *United States v. Hector*, 368 F. Supp.2d 1060, 1063 (C.D. Cal. 2005) (analyzing a reconsideration motion as a Rule 59(e) motion), and generally apply the same analysis under both rules. See *Fidelity Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004) (discussing Rule 60(b)); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441 (9th Cir. 1991) (discussing Rule 59(e)).

Under Rule 59(e), "reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Similarly, under Rule 60(b), reconsideration is permitted upon a showing of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  Relief under the sixth category "requires a finding of 'extraordinary circumstances.'" *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (quoting *McConnell v. MEBA Med. & Benefits Plan*, 759 F.2d 1401, 1407 (9th Cir. 1985)).

The government's motion for reconsideration ignores these standards for the most part. Instead, the motion reprises information that the Court considered before denying the original Rule 35 motion. In its present form, the government's motion for reconsideration does not meet the required standards of either Civil Rule 59(e) or Rule 60(b) and so the Court **DENIES** the motion

without prejudice. Any future resubmission of the government's Rule 35 motion in this case must comply with the applicable Civil Rules.

The Court is also uncertain whether any legal authority supports the premise that it must consider defendant Yzaguirre's input when ruling on the government's Rule 35 motion. Two points are pertinent here.  First, while Rule 35(b) authorizes the government to recommend a reduction of a defendant's sentence based on substantial assistance, the Ninth Circuit has emphasized that a district court must rely on its own evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's recommendation. *United States v. Ressam*, 593 F.3d 1095, 1125 (9th Cir. 2010), superseded by *United States v. Ressam*, 679 F.3d 1069 (9th Cir. 2012) (en banc). Conspicuously absent from the text of Rule 35 and Ninth Circuit caselaw interpreting the Rule is any notion that the Court must consider input offered by the convicted defendant who stands to benefit if the motion is granted.  Second, a court is not permitted to treat a Rule 35 motion as a plenary or de novo sentencing proceeding. *United States v. Tadio,* 663 F.3d 1042, 1055 (9th Cir. 2011).  This restriction suggests that a court enjoys discretion to rule summarily on a Rule 35 motion without seeking or permitting input from the defendant.

Accordingly, if the government chooses to renew its motion for reconsideration and counsel for Ms. Yzaguirre seeks to join in the renewed motion, Mr. Burns must address whether the defendant has the *right* to offer input or whether the decision to receive such input is a matter left to the Court's

/ / /
/ / /
/ / /
/ / /
/ / /

1 | discretion. *See United States v. Arellano-Felix*, 2015 U.S. Dist. LEXIS 77247, Case No. 06cr2646-LAB, at *4-7 (S.D. Cal. June 15, 2015).

**IT IS SO ORDERED**.

Dated: September 1, 2021

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge