# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>vs.<br><br>SABRINA YZAGUIRRE,<br><br>                         Defendant. | CASE NO. 17cr0487-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**<br><br>**[Dkt. 322]** |

      Sabrina Yzaguirre pled guilty in 2017 to both conspiracy to distribute methamphetamine and being a felon in possession of a firearm. The Court imposed a total custodial sentence of 125 months, followed by 10 years of supervised release. Yzaguirre has served roughly 44 months of her sentence and is scheduled to be released from Bureau of Prisons ("BOP") custody on January 17, 2027.

      Yzaguirre moves for a reduction of sentence and compassionate release under 18 U.S.C. § 3582(c)(1)(A). She maintains she suffers from asthma, an untreated mass on her abdomen, and is at risk of serious illness due to COVID-19. The Government opposes her motion, asserting that she has not met the burden of establishing that a sentence reduction is warranted under

the statute. Under 18 U.S.C. § 3582(c)(1)(A), a court may modify a defendant's term of imprisonment if it concludes that "extraordinary and compelling reasons" warrant a reduction after considering the factors set forth in 18 U.S.C. § 3553(a).

The Government argues that Yzaguirre doesn't have a "serious physical or medical condition" within the meaning of the Sentencing Commission's policy statement. BOP medical records indicate that she contracted and recovered from COVID-19 in December 2020. She is currently at Care Level 1 within the BOP and her asthma is properly managed by an albuterol inhaler and Asmanex. She has also received medical examinations for her scoliosis, and the mass in her abdomen. Finally she received the Moderna COVID-19 vaccine doses on March 31 and April 28, 2021. (ECF. 330 at 6.) The Court agrees that Yzaguirre conditions don't meet the "extraordinary and compelling" threshold. Nor has she demonstrated that these conditions substantially diminish her ability to provide self-care or that she can't be effectively treated within the correctional facility. U.S.S.G. § 1B1.13, App. Note 1(A)(ii)(I). Yzaguirre likewise hasn't established that Dublin FCI is unable to safeguard her health during the remainder of her sentence. Currently only 1 inmate among the 730 inmates at the facility has an active COVID-19 infection. Bureau of Prisons, *BOP: COVID-19 Update*, https://www.bop.gov/coronavirus/ (last accessed September 2, 2021). These institutional circumstances mitigate the risk that Yzaguirre will contract COVID-19 again or another life-threatening illness.

The § 3553(a) factors continue to support the imposition of Yzaguirre's original sentence. Her offenses – distribution of methamphetamine while being a felon in possession of a firearm – were unquestionably serious. She obtained multi-pound quantities of methamphetamine and then distributed multi-ounce quantities of methamphetamine to her network of sub-distributors, which was

extensive; specifically, she provided methamphetamine to her co-conspirators who, in turn, distributed to other individuals, some of whom were street distributors and others located in Alabama and Tennessee. (ECF 259 at 2.) The Court finds that there is a continuing need for deterrence under § 3553(a)(2)(B). The need to protect the public from Yzaguirre's repeated criminal behavior is also strongly implicated. See 18 U.S.C. § 3553(a)(2)(C). These considerations weigh heavily against her early release and predominate over considerations related to her medical condition.

Yzaguirre hasn't demonstrated "extraordinary and compelling reasons" to warrant a reduction of her sentence, nor that her health conditions outweigh the need for her to complete her sentence. Her motion for early release is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 2, 2021

_____
**HONORABLE LARRY ALAN BURNS**
United States District Judge

CC: Sabrina Yzaguirre